THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN NOWARD, <br><br>   Plaintiff, <br><br> v. <br><br> STATE OF ILLINOIS, KIMBERLY HUARRE, SGT. DILG, MAJOR COCKE, C/O KIRFER, MAJOR MYON, JAMES ALLEN, and LATOYA HUGHES, <br><br>   Defendants. | Case No. 3:24-cv-00130-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Justin Noward, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Noward alleges that Sergeant Dilg failed to protect him from an assault by inmate James Allen.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 8), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

On September 23, 2023, Noward spoke to Sergeant (Sgt.) Dilg and asked to be moved because of his fear of inmate James Allen. (Doc. 1, p. 6). Inmate Allen verbally abused Noward and threatened to physically assault him. *Id.* Noward reported the threats to Dilg and asked to be moved. Dilg told Noward to lock up in his cell and that he would call the lieutenant to tell him of the situation. *Id.* Noward maintains that Dilg never called or sought to separate Inmate Allen from him. *Id.*

Noward returned to his cell, but Inmate Allen followed him into the cell and began attacking him. (Doc. 1, p. 6-7). Inmate Allen punched, hit, and wrestled with Noward. *Id.* at p. 7. Noward alleges that Dilg failed to intervene in the assault. *Id.* Noward was able to get away from Inmate Allen, and he ran to Dilg seeking help. Both Noward and Inmate Allen were placed in handcuffs and issued tickets for fighting. *Id.* at p. 8. Noward maintains that he only fought back to protect himself. *Id.* at p. 7. He alleges that Major Cocke, Kirfer, and Major Myon investigated the incident but ignored Sgt. Dilg's role in the assault. *Id.* at p. 8. Noward alleges the officials turned a blind eye to Dilg's failure to intervene. *Id.* Noward further alleges that all identified correctional staff, as well as the State of Illinois and IDOC director Latoya Hughes, failed in their responsibility to protect Noward from the assault by Inmate Allen. *Id.*

### PRELIMINARY DISMISSALS

In addition to the claims against staff at Big Muddy, Noward also seeks to bring excessive force, assault, and battery claims against Inmate Allen. But Noward cannot maintain a Section 1983 claim against Allen because there are no allegations that Inmate Allen was acting under color of state law. Further, the Court declines to exercise supplemental jurisdiction over any potential state law claims against Inmate Allen. *See* 28 U.S.C. § 1367(c)(3). Thus, any claim against Inmate Allen is **DISMISSED without prejudice**.

Noward also fails to state a claim against the State of Illinois because the state is not a "person" within the meaning of Section 1983. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989) (stating that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Noward further alleges that several officials turned a blind eye to Dilg's failure to protect. He alleges that Major Cocke, Kirfer, and Major Myon failed to note Dilg's role in their investigation of the incident and failed to find that Dilg failed in his duty as a correctional officer. But Noward fails to allege that these officials were aware of the threats to his safety before the fact and failed to act. To the extent he alleges that they are liable for the acts of their subordinate, he cannot maintain a claim against them because *respondeat superior*, or supervisor liability, does not apply to Section 1983 actions. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Similarly, Noward cannot maintain a claim against Warden Kimberly Huarre and Director Latoya Hughes because they cannot be liable simply in their roles as supervisors. Although Noward also claims that he is seeking

injunctive relief, he only requests that the defendants cease their physical and emotional violence. (Doc. 1, p. 10). He fails to provide any indication as to the type of relief he seeks, nor has he filed a motion for preliminary injunction. Thus, the claims against Major Cocke, Kirfer, Major Myon, Kimberly Huarre, and Latoya Hughes are **DISMISSED without prejudice**.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment failure to protect claim against Sergeant Dilg for failing to protect Noward from the assault by Inmate Allen.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A plaintiff must also prove that prison officials were aware of a

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

specific, impending, and substantial threat to his safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

At this stage, Noward states a viable claim against Dilg. Noward alleges that he informed Dilg of the threats made by Inmate Allen, but Dilg failed to act on those threats. Noward was, instead, ordered to go into his cell where he was attacked by Inmate Allen. Thus, Count 1 shall proceed against Sgt. Dilg.

## PENDING MOTIONS

After filing his Complaint, Noward filed a motion to amend. (Doc. 12). His motion is really a letter requesting instructions on how to remove a portion of his request for relief. The Court does not accept piecemeal amendments to the Complaint. The amended complaint supersedes and replaces the original complaint and must stand on its own without reference to any other document. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir.2004). To amend his Complaint, Noward would need to file a new Amended Complaint with all new material underlined. *See* SDIL Local Rule 15.1.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Sgt. Dilg. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Sergeant Dilg: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Noward. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Noward, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Noward, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Noward is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 16, 2024.**

Digitally signed by Judge Sison
Date: 2024.04.16 09:53:56 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**